UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the GENERAL BUILDING              :
LABORERS' LOCAL 66 PENSION FUND,              :
                                              :
                          Plaintiffs,         :        No.: _____
                                              :
            - against -                       :
                                              :
NORTH STAR CONCRETE, INC.; NORTH STAR         :
CONCRETE CONSTRUCTION CORP.; VISION           :
CONCRETE, LLC; XYZ CORPORATIONS 1-10; and     :
JOHN AND JANE DOES 1-10,                      :
                                              :
                          Defendants.         :
------------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the General Building Laborers' Local 66 Pension Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants North Star Concrete, Inc. ("NSC"), North Star Concrete Construction Corp. ("NSCC"), Vision Concrete, LLC ("Vision"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

**I.   INTRODUCTION**

1.   This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of NSC's obligation to contribute to the Fund as of July 1, 2014.

2.   Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover NSC's allocated share of the Fund's unfunded vested benefits, liquidated damages, interest, and attorneys' fees and costs.

## II.   JURISDICTION AND VENUE

3.   This Court has personal jurisdiction over the Defendants because NSC, NSCC, Vision, and, upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10 reside and do business in the State of New York.

4.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seeks relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5.   Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Funds are administered in this District.

## III.   PARTIES

6.   The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.  The Fund is administered from 1600 Walt Whitman Road, P.O. Box 667, Melville, New York 11747.

7.   Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8.   Defendant NSC is a for-profit domestic corporation having its principal place of business at 37G Cedarhurst Avenue, Medford, New York 11736.

9.   Defendant NSCC is a for-profit domestic corporation having its principal place of business at 37G Cedarhurst Avenue, Medford, New York 11736.

10.   Defendant Vision is a for-profit limited liability company having its principal place of business at P.O. Box 221, Holtsville, New York 11742.

11.   Non-party Mario Salgado ("Salgado") is an individual, who, upon information and belief, as of July 1, 2014, was the sole owner of NSC, NSCC, and Vision.

12. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with NSC within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

13. Defendants Jane and John Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with NSC within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by NSC to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

14. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

15. NSC was party to a collective bargaining agreement (the "CBA") with the General Building Laborers' Local 66, with respect to which the Fund is a third-party beneficiary. Pursuant to the CBA, NSC was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

16. The CBA expired as of July 1, 2014, resulting in the cessation of NSC's obligation to contribute to the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

17. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated July 31, 2018, a true and correct copy of which is attached as **Exhibit A**, the Fund notified NSC that its allocated share of the unfunded vested liabilities of the Fund was $119,054, which amount was payable in 37 monthly installments of $3,451.79, plus a final monthly installment of $1,466.75, commencing on or before September 29, 2018.

18. After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated December 17, 2018, a true and correct copy of which is attached as **Exhibit B**, the Fund notified NSC that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within sixty (60) days.

19. After not having received a response, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated February 19, 2019, a true and correct copy of which is attached as **Exhibit C**, the Fund notified NSC that it remained in default of its withdrawal liability, and that the Fund had elected to accelerate NSC's withdrawal liability and to assess interest on the total outstanding liability. The Fund demanded immediate payment of $119,364.37, which amount included $119,054 in withdrawal liability and $310.37 in accrued interest.

20. More than 60 days have elapsed since NSC's receipt of the notice of default, and it has failed to remit the withdrawal liability assessed by the Fund or to initiate arbitration pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

21. Because NSC has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability.

22. Plaintiffs, the Trustees of the Fund, demand judgment against NSC for $119,054 for its allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by NSCC to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

23. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

24. Upon information and belief, as of July 1, 2014, Salgado was the sole owner of NSC and NSCC.

25. NSC and NSCC are a brother-sister controlled group within the meaning of 26 U.S.C. § 1563(a)(2) and ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) because, upon information and belief, they are wholly owned by Salgado.

26. NSCC is a trade or business that was under common control with NSC at the time of NSC's complete withdrawal from the Fund, and therefore, pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), NSC and NSCC constitute a single employer for purposes of withdrawal liability.

27. As such, NSCC is jointly and severally liable with NSC for the withdrawal liability resulting from NSC's complete withdrawal from the Fund.

28. Plaintiffs, the Trustees of the Fund, demand judgment against NSCC for $119,054 for NSC's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by Vision to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

29. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

30. Upon information and belief, as of July 1, 2014, Salgado was the sole owner of NSC and Vision.

31. NSC and Vision are a brother-sister controlled group within the meaning of 26 U.S.C. § 1563(a)(2) and ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) because, upon information and belief, they are wholly owned by Salgado.

32. Vision is a trade or business that was under common control with NSC at the time of NSC's complete withdrawal from the Fund, and therefore, pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), NSC and Vision constitute a single employer for purposes of withdrawal liability.

33. As such, Vision is jointly and severally liable with NSC for the withdrawal liability resulting from NSC's complete withdrawal from the Fund.

34. Plaintiffs, the Trustees of the Fund, demand judgment against Vision for $119,054 for NSC's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

### Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

35. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

36. As of July 1, 2014, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with NSC within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

37. As such, XYZ Corporations 1-10 are jointly and severally liable with NSC for the withdrawal liability resulting from NSC's complete withdrawal from the Fund.

38. Plaintiffs, the Trustees of the Fund, demand judgment against XYZ Corporations 1-10 for $119,054 for NSC's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT V

### Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

39. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

40. As of July 1, 2014, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with NSC within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

41. As such, John and Jane Does 1-10 are jointly and severally liable with NSC for the withdrawal liability resulting from NSC's complete withdrawal from the Fund.

42. Plaintiffs, the Trustees of the Fund, demand judgment against John and Jane Does 1-10 for $119,054 for NSC's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

Dated: March 1, 2019
       Newark, New Jersey

**PROSKAUER ROSE LLP**

By: */s/ Neil V. Shah*
        Neil V. Shah

One Newark Center
1085 Raymond Boulevard
Newark, New Jersey 07102
(973) 274-3205
nshah@proskauer.com

Anthony S. Cacace  
Eleven Times Square  
New York, NY 10036  
(212) 969-3307  
acacace@proskauer.com

*Counsel for the Plaintiffs*